IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEYDI MATAMOROS and all others | § | |
| similarly situated under | § | |
| 29 U.S.C. § 216(B), | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-0442-D |
| VS. | § | |
| | § | |
| THE COOPER CLINIC, A | § | |
| PROFESSIONAL ASSOCIATION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Keydi Matamoros ("Matamoros") moves for leave to file a first amended complaint to add two defendants. Concluding that she has failed to meet the good cause standard of Fed. R. Civ. P. 16(b)(4), the court denies the motion.

I

Matamoros filed this lawsuit on February 4, 2014 against defendants The Cooper Clinic, a Professional Association, VIP Hotel Services, LLC ("VIP"),[1] and David Carpenter ("Carpenter"), seeking to recover on a claim for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. On September 8, 2014 the court entered a scheduling order that set March 1, 2015 as the deadline by which a party must

---

[1]VIP has filed for bankruptcy, and the court has administratively closed this lawsuit as to VIP.

file a motion for leave to amend the pleadings and a motion for leave to join other parties. Although the court amended the scheduling order on April 30, 2015 and August 4, 2015, it did not modify the deadline for seeking leave to amend the pleadings or to join other parties. In an order filed on February 2, 2015, the court set this case for trial on the two-week docket of February 1, 2016.

On June 12, 2015, after the March 1, 2015 deadline for filing motions for leave to amend and to join parties had already expired, and 16 months after she filed this lawsuit, Matamoros filed the instant motion in which she seeks leave to file a first amended complaint that adds two parties: Metroplex Banquet Staffing LLC ("Metroplex") and Juan Mena ("Mena").[2]  Matamoros maintains that "[b]ased upon discovery undertaken to date it is apparent that [Metroplex and Mena] were also employers of Plaintiff under the FLSA during a portion of the relevant time period and are proper parties to this suit."  P. Mot. Leave 2. She asserts that it would serve judicial economy and permit orderly prosecution of the instant suit to add Metroplex and Mena as defendants.  VIP and Carpenter oppose the motion.[3]

II

Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties [and] amend the pleadings[.]"  Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  Although Rule 15(a)

---

[2]Defendants maintain that Mena is a director of Metroplex.  *See* Ds. Resp. 1.

[3]They filed their opposition response on July 6, 2015, before VIP filed for bankruptcy.

governs the pretrial amendment of pleadings, and Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," when, as here, the deadline for seeking leave to amend the pleadings has expired, a court considering a motion to amend must first determine under the good cause standard of Rule 16(b)(4) whether to modify the scheduling order.  *See, e.g., S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.).  Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2).  *See S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order."  *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).  Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause."  *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  Instead, the movant must show that, despite her diligence, she could not reasonably have met the scheduling deadline.  *See S & W Enters.*, 315 F.3d at 535; *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters.*, 315 F.3d at 535).

- 3 -

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). Although Matamoros recognizes that these factors apply and addresses them in her motion, her assertions are in many (if not most) respects conclusory. In her reply to defendants' response, she addresses the factors in somewhat greater detail.[4]

### III

### A

The court considers first the explanation for the failure to timely move for leave to amend. Matamoros contends that she was not aware that Metroplex was a completely unrelated entity until after the March 1, 2015 deadline expired. She asserts that, had

---

[4]This court will not consider arguments raised for the first time in a reply brief. *See, e.g., Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.))), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008). Because considering the assertions in Matamoros' reply brief does not affect the outcome of this decision, the court will not disregard arguments on the basis that they are raised for the first time in a reply brief.

Carpenter timely responded to her discovery requests, this issue would likely have been avoided; that prior to the March 1, 2015 deadline, none of the current defendants identified Metroplex as a person with potential knowledge of the relevant facts regarding her claims; and that no defendant has yet been made available for deposition, despite her repeated requests to schedule depositions.  She posits that it has been particularly difficult to discern the business relationships between various entities involved in her employment during the period at issue.[5]

But Matamoros does not deny defendants' assertions that she appears to be relying on documents that she produced, including pay stubs that she received from the parties she now seeks to add, and that she has herself produced records showing that Metroplex was her employer from at least May 2011 to December 2012.  The assertions on which she relies in her reply brief do not refute these fundamental facts.  Nor has she demonstrated why she could not herself have obtained evidence establishing who were her employers.  Matamoros essentially attempts to shift the focus away from her own lack of diligence to the disclosure and discovery conduct of defendants.  While this approach might be persuasive in other contexts, it is not when a lawsuit is brought under the FLSA and the issue is so fundamental as who was the plaintiff's employer.  The court therefore concludes that Matamoros' explanation for failing to timely move for leave to amend is not a persuasive one, and that

_____

[5]Matamoros offers this conclusory assertion but does not elaborate on why this has been "particularly difficult."  For example, she does not contend that defendants were part of a complex business organization that made it difficult for her to determine who was actually her employer.

the first factor weighs against modifying the scheduling order.

B

The second factor considers the importance of the amendment. Defendants maintain that the amendment is not important because Matamoros can bring suit against Metroplex and Mena separately. Matamoros replies that a second suit would be inefficient and that her claims could be time-barred. Because doing so does not affect the court's assessment of the four factors holistically, the court will assume *arguendo* that the amendment is important because of the potential time-bar.

C

The court will consider together the third factor—the potential prejudice in allowing the amendment—and the fourth factor—the availability of a continuance to cure such prejudice.

Defendants essentially argue that they would be prejudiced by the adding of two parties so many months after the case was filed and given the February 2016 trial setting. They posit that it will be necessary to extend the discovery and dispositive motion deadlines and postpone the trial date. The court is unable to conclude from these general assertions that defendants will be unduly prejudiced by adding these parties. And the court can continue the applicable pretrial deadlines and the trial setting to ensure that defendants have sufficient time to conduct discovery, file appropriate pretrial motions, and prepare for the trial itself.

D

The court now addresses the four factors holistically, without mechanically counting the number of factors that favor each side.

Although the court has determined that defendants have not demonstrated undue prejudice and that a continuance of pretrial deadlines and the trial itself can ameliorate any such prejudice, this does not effectively end the court's analysis.  If the absence of undue prejudice or the availability of a continuance to cure such prejudice were alone determinative, the Rule 16(b)(4) standard would not be one of "good cause"; it would be an "absence of incurable prejudice" standard.  A moving party who, for example, had shown a complete lack of diligence and who undoubtedly could reasonably have met the scheduling deadline would still be able to obtain an amended scheduling order merely by demonstrating that the opposing party would not be prejudiced.  But the standard is "good cause," and the good cause standard focuses on the diligence of the party seeking to modify the scheduling order.  Courts deny motions to amend the scheduling order when the moving party fails to demonstrate that, despite her diligence, she could not have reasonably met the scheduling deadline.  *See, e.g., Serv. Temps.*, 2009 WL 3294863, at *3 (stating that court "remember[ed] at all times that the good cause inquiry focuse[d] on the diligence of the party seeking to modify the scheduling order," and finding that movant had failed to satisfy good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

In the present case, Matamoros filed this lawsuit on February 4, 2014.  She did not move to amend the scheduling order for purposes of adding defendants until 16 months later, on June 12, 2015.  She does not dispute that, regardless what defendants did or did not produce via disclosures or discovery, she possessed documents from which she could have determined who her employers were.  And even if the court assumes that she did not possess all the evidence she needed to make that determination, she has failed to show that, exercising reasonable diligence, she still could not have reasonably determined who her employers were and sought leave to amend to add them as parties by the March 1, 2015 deadline.

The same reasoning addresses the factor that probably most favors Matamoros: the prospect that her inability to add these two defendants in this lawsuit could result in her being precluded by the statute of limitations from proceeding against them for some of the relief she seeks, or proceeding against them at all.  But the answer to this is that, by exercising reasonable diligence, she could have determined that they were her employers and have added them as defendants within the time constraints imposed by the scheduling order, thus avoiding the potential limitations bar.

*   *   *

Accordingly, for the reasons explained, the court finds that Matamoros has failed to demonstrate good cause under Rule 16(b)(4) to amend the scheduling order, and her motion

for leave to file first amended complaint is therefore denied.

**SO ORDERED**.

August 7, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE